

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

June 29, 1964

lion. Fred E. West
County Attorney
Lubbock County
Lubbock, Texas

Dear Mr. West:

Opinion No. C-276

Re: Whether it is the responsibility of
the County Auditor or the County
Treasurer to recommend financial pro-
cedures and to suggest internal and
inter-office control and related
questions.

Your recent letter in regard to county depository and
financial procedures incorporates therein a letter request di-
rected to you, and such letter asks the following questions, to
which this opinion is directed:

"1. Whose responsibility is it to recommend
county financial procedures and to suggest inter-
nal and inter-office control?

"2. Are the recommendations of our County
Auditor as to inter-office control and procedures
consistent with the governing statutes?

"3. Does the County Treasurer have statutory
authority to overrule the County Auditor's direc-
tives on financial procedures to be followed that
are not inconsistent with statutes?

The questions are asked with specific reference to Arti-
cles 1656 and 1657, Vernon's Civil Statutes, and it is felt that
Article 1651 of Vernon's Civil Statutes is also applicable. These
Articles read as follows:

Article 1651, in part:

"The Auditor shall have a general oversight of
all the books and records of all the officers of the
county, district or state, who may be authorized or
required by law to receive or collect any money, funds,
fees or other property for the use of, or belonging to,
the county; and he shall see to the strict enforcement
of the law governing county finances.

". . ."

-1324-

Article 1656:

"He shall prescribe and prepare the forms to be used by all persons in the collection of county revenues, funds, fees and all other moneys, and the mode and manner of keeping and stating their accounts, and the time, mode and manner of making their reports to the auditor, also the mode and manner of making their annual report of office fees collected and disbursed, and the amount refunded to the county in excess of those allowed under the general fee bill law. He shall have power to adopt and enforce such regulations not inconsistent with the constitution and laws, as he may deem essential to the speedy and proper collection, checking and accounting of the revenues and other funds and fees belonging to the county."

Article 1657:

"All deposits that are made in the county treasury shall be upon a deposit warrant issued by the county clerk in triplicate; said warrants shall authorize the treasurer to receive the amount named, for what purpose, and to which fund the same shall be applied. The treasurer shall retain the original; and the duplicate shall be signed and returned to the county clerk for the county auditor and the triplicate signed and returned to the depositor. The auditor shall then enter same upon his books, charging the amounts to the county treasurer and crediting the party depositing same. The treasurer shall not, under any circumstances, receive any money in any other manner than that named herein."

The case of American Indemnity Co. v. Red River Nat. Bank, 132 S.W.2d 473 (Tex.Civ.App. 1939), in using the above quoted Article 1651 as a part of its reasoning at page 480, held in regard to the general duties of the County Auditor that

". . . it is apparent that an examination and approval by the county auditor . . . would better protect the interests of the county than would such an audit and approval by the commissioners' court, composed of men not required to be qualified in the matter of auditing reports and accounts, and that such was the purpose and intent of the statute in requiring the appointment of a person so qualified as county auditor.

> He is by the statute made an officer of the county,
> in whom is vested the authority and it is made his
> duty to examine and if found correct to approve.
> . . ."

In interpreting Article 1656, along with other statutes
pertaining to the County Auditor, our Opinion No. O-6260 (1944)
held that the County Auditor is required to examine and verify all
the books, accounts, reports, vouchers, and other records of the
County Superintendent that relate to the county and district school
funds, and that details for such examination and manner in which it
is worked out is within the discretion of the Auditor. These pro-
cedures would, in our opinion, be "internal and inter-office con-
trol," as would the procedures upon which our Opinion No. O-4461
(1942) are based. In that opinion we held that the County Auditor
has authority to prescribe and prepare mileage forms for use by a
sheriff and his deputies, where reimbursement is made for miles
traveled on official business.

Based upon the above authorities and the plain wording
of the above statutes, the answer to your Question No. 1 is that
it is the responsibility of the County Auditor to recommend county
financial procedures, and to suggest internal and inter-office con-
trol.

Your Question No. 2 is covered mainly by the above Arti-
cles 1656 and 1657. The recommendations of the Lubbock County Audi-
tor, attached hereto as Attachments A and B, provide essentially
that all monies received by Lubbock County departments for Lubbock
County are to be delivered, upon issuance of a receipt, to the
County Clerk (for transfer to the County Treasurer, only) who will
then prepare a deposit warrant and transmit the funds with the war-
rant to the County Treasurer for deposit in the county depository.

It is the opinion of this office that Article 1656 gives
authority to the County Auditor to prescribe such a general proced-
ure and to prescribe the forms to be used. However, Article 1657
specifically sets out the manner in which the deposit warrant shall
be issued, and Paragraph 5 of Attachment B is inconsistent with
such provision. A quadruplicate deposit warrant may be used, since
Article 1657 sets out the minimum form, i.e., triplicate, and since
the fourth copy would be only surplusage, but the original and two
signed copies should be distributed as provided in the statute,
with the original being retained by the Treasurer, the duplicate and
triplicate being signed and returned to the County Clerk (for the
Auditor) and the depositor, respectively.

Our answer, therefore, to Question No. 2 is that the recommendations of the County Auditor, as shown by Attachments A & B hereto, are consistent with the governing statutes, except Paragraph 5 of Attachment B, which paragraph is inconsistent therewith.

In regard to Question 3, please be advised that the duties and authorities of the County Treasurer are set out in Articles 1703 through 1714 of Vernon's Civil Statutes. We can find no statutory authority for the overruling by the County Treasurer of a County Auditor's directives which are not inconsistent with the statutes, and therefore answer your Question 3 in the negative.

## SUMMARY

1. It is the responsibility of the County Auditor rather than the County Treasurer to recommend financial procedure, and to suggest internal and inter-office control.

2. The recommendations of the Lubbock County Auditor, attached hereto, in regard to the receiving of and preparation for deposit of county money, are consistent with the governing statutes, with the exception of the provisions relating to the depository warrants.

3. The County Treasurer has no statutory authority to overrule County Auditor directives on financial procedures, which directives are consistent with the statutes.

Yours very truly,

WAGGONER CARR
Attorney General

By Edward P. Bolding

Edward P. Bolding
Assistant

EPB:wb
APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Bill Allen
Gordon Cass
Malcolm Quick
Pat Bailey
APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone

LUBBOCK, TEXAS
May 26, 1964

MEMO TO: Lubbock Departments
SUBJECT: Payment of moneys into the County Treasury

As per Article 1657, Texas Civil Statutes, payment of all monies
into the County Treasury will be changed effective June 1, 1964.
After that date all monies paid into the County Treasury will be
delivered to the County Clerk's Office and a receipt for the pay-
ment will be issued to the payor by the County Clerk.

When there is a report covering payments into the County Treasury,
the report along with the duplicate copy of the receipt from the
County Clerk will be delivered to the Auditor's office for audit,
reconciliation, and verification.

When monies are paid into the County Clerk's Office and not cov-
ered by a report, a duplicate copy of the receipt will be held
by the County Clerk and either picked up by the County Auditor or
delivered to him at the convenience of the County Clerk.

This memorandum has been presented to the Commissioners' Court for
informational purposes.

Thank you for your cooperation in this regard and if there is any
question, please advise.

ROYAL FURGESON
County Auditor

RF/rc

ATTACHMENT "A"

LUBBOCK, TEXAS
May 20, 1964

MEMO TO:  Floe Swenson, County Clerk
SUBJECT:  Recommended procedures for receipts and deposits of
County funds for the County Clerk's Department.

Effective June 1, 1964, the County Clerk is to assume
the procedure of receiving county treasury funds for Lubbock
County so that inter-office controls can be set up as intended
under Article 1657.  The following procedures are recommended:

1.  The County Clerk is to receive all monies payable into
the County Treasury.

2.  The County Clerk will issue receipts on the forms pro-
vided.  This receipt form will be in triplicate - the origi-
nal for the payor, the duplicate for the Auditor, and the
triplicate to be left in the bound book as a record in the
County Clerk's office.

3.  When there is a report accompanying the money, the Clerk
will attach the Auditor's copy to the report which is to be
delivered along with the report to the Auditor.  When monies
are received without a covering report, the Auditor's copy
can be torn out by the Clerk and placed in a folder to be
picked up by the Auditor or delivered to him at the conven-
ience of the Clerk at a later date.

4.  The Deposit Warrant can be made out by the Clerk with the
help of the Auditor in distributing the proper amounts to the
proper funds.  The giving of the receipt as suggested in para-
graph number 2 will give more time for the Clerk and the Audi-
tor in preparing the deposit warrant and making proper distri-
bution to the various funds.

5.  The present deposit warrants can be used in their present
form.  Such will be issued in all 4 copies - the original for
the bank, the duplicate for the treasurer, the triplicate for
the Auditor's office, and the quadruplicate for the Clerk's
records.  It is suggested that the Clerk place the deposit war-
rant number on prior receipts or receipts issued.  Thus, all
receipt forms would show a deposit number.  The Auditor will
attach to the deposit warrant all prior receipts issued which
cover the money so deposited.

ATTACHMENT "B", Page 1

When these procedures have been accepted and used, it is felt that the requirements of Article 1657, Texas Civil Statutes, have been met.  It is to be understood that the Auditor's office is available and will work with the County Clerk's office in perfecting the procedure necessary in the depositing of Lubbock County funds, and please feel free to call on us.

/s/ Royal Furgeson
ROYAL FURGESON
County Auditor

RF:rc

ATTACHMENT "B", Page 2